**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WEB.COM, INC.,** f/k/a Interland, Inc., | ) |
| Plaintiff, | ) |
| v. | ) **2:06cv1032** |
| | ) **Electronic Filing** |
| **FEDERAL INSURANCE COMPANY** and | ) |
| **CHUBB INSURANCE COMPANY OF** | ) |
| **NEW JERSEY,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff commenced this diversity action seeking a declaratory judgment defining its rights and obligations under insurance policies issued to a third-party with whom plaintiff entered into a contract calling for professional services. Specifically, plaintiff seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that (1) it is an insured under the policies issued to Rapp Collins, Worldwide, L.P., because Rapp Collins was contractually bound to provide coverage for its clients, which allegedly included plaintiff, and (2) the claims against plaintiff in a lawsuit in the Court of Common Pleas of Allegheny County are covered by the insuring agreement of the policies.

Plaintiff, Rapp Collins and Omnicom have been named as defendants in a lawsuit instituted in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned <u>Pairnetworks, Inc., Pax 69, Inc., and Apple Marine, Inc., v. Interland, Inc., Rapp Collins Worldwide, LP, RCWPG, LLC, Rapp Partnership Holdings, Inc., Rapp Collins Worldwide, Inc., Diversified Federal Services, Omnicom Group, Inc., and John Does 1-16</u>, Case No. 01-23240 (the "underlying action"). The plaintiffs in the underlying action sought monetary damages alleging that plaintiff, along with Rapp Collins, violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited facsimile advertisements to the plaintiffs. They also sought

class certification and the recovery of statutory damages on behalf of each individual or entity likely to have received the alleged unsolicited facsimile advertisement in violation of the TCPA. Judge Horgo ruled that the case would not be certified as a class action. The underlying plaintiffs appealed, but thereafter entered into a settlement. The settlement expressly was without prejudice to pending cross claims between the defendants, which includes a cross claim by plaintiff Web.com (formerly Interland, Inc.) against Rapp Collins for breach of a professional service agreement by failing to maintain insurance coverage for Web.com.

Through Omnicom, a request for defense and indemnity coverage was made to defendants on plaintiff's behalf under policies of insurance assertedly covering Rapp Collins on the ground that Web.com is an additional insured as a result of the Professional Services Agreement. Defendants denied the request for coverage from Omnicom and thus in turn plaintiff.

In the instant action plaintiff seeks defense costs incurred in the underlying action, recovery for any liability imposed or settlement paid, and concomitant damages for bad faith insurance practices. Plaintiff initially contended that a proper construction of the policy by this court is necessary to resolve the controversy. In a recent letter to this court, it has abandoned that contention and now asserts that its breach of contract, bad faith insurance practices and breach of fiduciary duty claims may proceed without such relief.

A case management conference was held on January 12, 2007. After review of the complaint, counsel were advised that the court would decline to exercise jurisdiction in accordance with State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2001). Plaintiff's counsel requested time to review Summy and advise the court on any objections plaintiff might have to the court's preliminary decision. Plaintiffs filed a brief contesting the court's preliminary decision to exercise its discretionary authority under the Declaratory Judgement Act and decline jurisdiction. For the reasons set forth below, plaintiff's objections will be overruled, the declaratory judgement counts will be dismissed without prejudice, and the remaining counts will be stayed until plaintiff returns with a state court adjudication of its rights under the policies of

insurance at issue.

After considering the various factors governing the exercise of this Court's discretionary jurisdiction under the Declaratory Judgment Act as reflected in State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2000), Allstate Insurance Co. v. Seelye, 198 F. Supp.2d 629 (W.D. Pa. 2002) and Atlantic Mutual Insurance Co. v. Gula, 84 Fed. Appx. 173 (3d Cir. 2003), this Court must respectfully decline plaintiff's invitation to entertain the Declaratory Judgement counts in this action. As Judge Weis observed in Summy, the applicable Third Circuit and Supreme Court "precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." Summy, 234 F.3d at 135. And where the state law is firmly established, there is even less reason for resort to the federal courts. Id. at 136. Furthermore, where no federal interests are promoted by entertaining the declaratory judgment action and there is a state court decision in existence that directly involves the coverage dispute, entertainment of the federal declaratory judgment suit boarders on the "vexatious" and "gratuitous interference" descriptions used by the Supreme Court in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942). Such circumstances readily support a decision to decline jurisdiction sua sponte, particularly where there are state court decisions bearing on the dispute and ongoing underlying litigation that will inform the outcome of the parties' disagreement.

Moreover, as Judge Sloviter reiterated in Gula, where a declaratory judgment action is premised on the potential availability of insurance coverage, "[t]he central question is whether the controversy may better be settled in the state court." Gula, 84 Fed. Appx. at 174 (quoting United States v. Pennsylvania Dep't of Envirtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991)). Relevant considerations include a general policy of restraint when the same issues have been raised in state court and avoidance of duplicative litigation. Gula, 84 Fed. Appx. at 174-175 (quoting Summy, 234 F.3d at 134). In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in [such] declaratory judgment actions." Id.

3

(citations omitted).

Here, the same factual issues that will inform a proper construction of the terms and conditions of coverage under the policies are in the process of being litigated in the cross claims pending in the underlying action in the Court of Common Pleas of Allegheny County. That court will be intimately familiar with the factual issues as they evolve during the course of the litigation and resolution of those factual issues will directly impact the claim that plaintiff was a named insured under the applicable policies. Revisiting those issues in this court will amount to piecemeal and duplicative litigation, a factor strongly weighing against the exercise of jurisdiction by this court. See Summy , 234 F.3d at 135 ("A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.").

It is also readily apparent that the coverage issues and requested legal construction of the insurance policies in question raised by plaintiff's complaint do not present any matter of federal concern and will be governed by well-settled state law. This is particularly true now that the main claims in the underlying litigation have been settled. As the Summy court observed, a strong factor militating against the exercise of jurisdiction is created where no federal interest will be promoted by the litigation. Summy, 234 F.3d at 136. In addition, where an action will be governed exclusively by state law that is well-established, there is even less reason for a federal district court to exercise jurisdiction over the controversy.

Here, the issue of whether plaintiff was a named insured, should it be necessary to reach that issue after plaintiff's cross claim against Rapp Collins has been resolved, is controlled by well settled principles of state law. When such circumstances are presented the district courts should rarely accept the invitation to exercise their discretionary jurisdiction under the Declaratory Judgment Act. Summy, 234 F.3d at 136; Seelye, 198 F. Supp.2d at 631. Thus, the lack of any federal interest at stake in the instant litigation and the presentation of threshold issues governed by an area of well-developed state law present factors that weigh heavily against

entertaining the declaratory judgement counts in this action.

Against this backdrop plaintiff's objections are unavailing. First, its contention that Summy and its progeny are dependent upon the existence of a parallel insurance coverage dispute or some form of a declaratory judgment action in state court is without merit. Summy and Gala would be stripped of their precedential holdings were the court to ingraft such a requirement into their application. The "parallel state court proceeding" referenced in Summy and it's progeny is sufficiently presented by the proceeding which plaintiff's complaint identifies as "the underlying litigation." It is this litigation that informs a court's assessment of defendants' duty to defend in the first instance and ultimately, depending on the factual development in the litigation of the underlying cross claims, their duty to indemnify. And the use of that forum to resolve the coverage disputes raised by the declaratory relief counts "will promote the efficient resolution of both the declaratory judgement action and the underlying [liability] action, thereby conserving judicial resources as well as those of the parties." Summy, 234 F.3d at 136. In this regard this court's exercise of its jurisdiction under the Declaratory Judgment Act is grounded in a sound exercise of its discretion, not "abstention principles" as argued by plaintiff.

Moreover, plaintiff's causes of action for breach of contract and bad faith insurance practices are dependent upon and may not proceed without plaintiff first prevailing on its Declaratory Judgement Act claims. A construction of the policies under the applicable state law governing who is a named insured and consideration of the defenses asserted is a prerequisite to any claim for breach of the policies or bad faith insurance practices. In other words, plaintiff's claims for breach of contract and bad faith insurance practices cannot become ripe for adjudication until a court declares that the insurance policies in question entitle plaintiff to a defense and, in the event the facts in the underlying action so establish, indemnification. Because the remaining counts of the complaint are dependent upon those counts of the complaint over which this court has discretionary authority to exercise jurisdiction, the court will respectfully decline to exercise its discretion under the Declaratory Judgment At and dismiss those counts

5

without prejudice to re-file them in state court.[1]

Plaintiff's insistence that this court must bludgeon forward on the breach and bad faith claims in order to exercise properly its "unflagging" obligation to entertain jurisdiction in diversity cases appears to be at least partly misplaced. To be sure, plaintiff's right to invoke this court's conferred subject matter jurisdiction over disputes that are ripe cannot be questioned. But we do not understand this to be an unflagging obligation to circumvent declaratory relief claims that are best resolved before an available state tribunal and proceed without hesitation on claims that are dependent upon such relief and the outcome of other claims pending before the state courts. As Judge Weis observed, the discretion afforded under the Declaratory Judgement Act is conferred on this court. Summy, 234 F.3d at 136. That discretion is to be exercised with a healthy "consideration[] of practicality and wise judicial administration." Id. (quoting Wilton v. Seven Falls Co., 515 U.S. 277 288 (1995)) Proceeding on such recast claims under the instant circumstances would supplant that discretion and confer absolute rights on one of the litigants, a proposition quite inconsistent with the statute and an appropriate exercise of the court's jurisdiction thereunder. See Summy, 234 F.3d at 134 ( "The statute 'confers a discretion on the courts rather than an absolute right upon the litigant.'") (quoting Wilton, 515 U.S. at 287).

Accordingly, in order to exercise the discretion conferred by the Declaratory Judgement Act and accord proper recognition to this court's unflagging obligation to proceed with ripe claims falling within the court's conferred jurisdiction, the remaining counts will be stayed pending resolution of the declaratory relief claims in state court. Upon resolution of the declaratory judgement claims by the state court, this court will lift the stay and adjudicate the breach and bad faith claims as appropriate.

---

[1] Plaintiff effectively requests as much if this court is unwilling to proceed on the Declaratory Judgement Act claims at counts I and II. See Plaintiff's Brief in Opposition (Doc. No. 27) at 8 ( "To the extent this Court would decline to exercise jurisdiction to hear Counts III, IV, V and VI due to the existence of Counts I and II, which Web.com believes would be unwarranted by Summy, Web.com will voluntarily dismiss Counts I and II without prejudice.").

6

In short, declining to entertain jurisdiction over the declaratory judgement counts in the instant matter will promote judicial economy and avoid the potential for piecemeal and/or duplicative litigation. The Court of Common Pleas of Allegheny County is in a much better position to apply settled principles of coverage law to an insurance policy that potentially provides coverage for a case that has been litigated on its docket. Furthermore, the instant litigation has no apparent potential to present any matter that would diminish this court's discretionary power to decline to exercise its declaratory judgment authority, such as issues involving "federal statutory interpretation, the government's choice of federal form, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134. Consequently, "the central question is whether the controversy may better be settled in a state court," Gula, 84 F. Appx. at 174, and as noted above, a mere reading of plaintiff's complaint in conjunction with a review of the proceedings in the underlying action indicates beyond doubt that the question is to be answered in the affirmative as to the preliminary coverage questions presented in the declaratory judgement counts.

As to the remaining claims, this court has an unflagging obligation to exercise jurisdiction over them. But an exercise of that obligation is only appropriate when the claims are ripe for adjudication. In the instant setting that requires a brief stay while plaintiff re-files and litigates its declaratory judgement counts before the available state tribunal adjudicating the underlying litigation. Once that has occurred, this court will lift the stay and proceed with the breach and bad faith claims as appropriate. An appropriate order will follow.

Date: December 11, 2007

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Philip E. Milch, Esquire
Campbell & Levine
310 Grant Street
Suite 1700
Pittsburgh, PA 15219

Timothy P. Law, Esquire
Anderson Kill & Olick PC
1600 Market Street, Suite 2500
Philadelphia, PA 19103

Keithley D. Mulvihill, Esquire
Rawle & Henderson, LLP
The Henry W. Oliver Building
Suite 1000
535 Smithfield Street
Pittsburgh, PA 15222

Lauren B. Sobel, Esquire
Anderson Kill & Olick PC
One Gateway Center, Suite 1510
Newark, NJ  07102